UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN YVONNE BICE, as conservator of GREGORY CRABTREE, as Incapacitated Person, <br><br> Plaintiff, <br><br> v. <br><br> COOPER TIRE & RUBBER COMPANY and TENNESSEE TIRE & AUTO CLINIC, <br><br> Defendant. | Case No. 3:15-cv-00862 <br> Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Defendant Tennessee Tire Auto Clinic & Wrecker Service, LLC ("Tennessee Tire") has filed a Motion for Summary Judgment (Docket No. 12), in support of which it has filed a Statement of Undisputed Material Facts (Docket No. 13) (attaching the Declaration of Tennessee Tire) and a Memorandum of Law (Docket No. 14). The plaintiff has not responded to the motion.[1]

The Complaint alleges that, on February 3, 2014, Gregory Crabtree purchased a used tire from Tennessee Tire (a Tennessee-based business) that had been manufactured by Cooper. Allegedly, while Crabtree was driving his truck on an interstate highway on July 5, 2014, the tire tread separated and fell into the highway's lane of travel, causing a safety hazard to oncoming drivers. Crabtree allegedly stopped his vehicle and attempted to remove the tire tread from the

---

[1] Because the plaintiff has not responded to the defendants' statement of facts, the court takes the asserted facts as undisputed for purposes of summary judgment. M.D. Tenn. Local Rule 56.01(g); *see also* Fed. R. Civ. P. 56(e)(2); *Deutsche Bank Nat'l Trust Co. v. Tibbs*, 2014 WL 280365, at *2 (M.D. Tenn. Jan. 24, 2014) (applying Rule 56.01(g)).

1

road, when an incoming motorcycle struck him, causing Crabtree to suffer permanent incapacitating injuries. The plaintiff (Crabtree's conservator) alleges claims against Tennessee Tire and Cooper for negligence, strict liability, and breach of implied warranty. Tennessee Tire has moved for summary judgment on the claims against it.

It is undisputed that Tennessee Tire did not in fact sell the tire at issue to Crabtree. It is an essential element of any products liability claim that the defendant supplied the product that caused the injury. *See In re Arcadia & Zometa Prods. Liab. Litig.*, 2008 WL 537786, at *1-2 (M.D. Tenn. Dec. 2, 2008); *Strayhorn v. Wyeth Pharm., Inc.*, 882 F. Supp. 2d 1020, 1029 (W.D. Tenn. 2012), *aff'd* 737 F.3d 378 (6th Cir. 2013); *Travelers Indem. Co. v. Indus. Paper & Packaging Corp.*, 2006 WL 2050686, at *1, *10 (E.D. July 19, 2006). The plaintiff's claims against Tennessee Tire are premised on the assumption that Tennessee Tire supplied the used tire at issue. Because Tennessee Tire did not in fact supply the tire, the plaintiff cannot establish her claims against Tennessee Tire and summary judgment is warranted.

For these reasons, Tennessee Tire' motion is **GRANTED** and all claims against Tennessee Tire are hereby **DISMISSED WITH PREJUDICE**. The case therefore will proceed only as to Cooper.

It is so **ORDERED**.

Enter this 23rd day of September 2015.

 ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄ ̄
ALETA A. TRAUGER
United States District Judge

2