KAREN YVONNE BICE, as Conservator of )
GREGORY CRABTREE, )
)
     Plaintiff, )
)
v. )     Case No. 3:15-cv-862
)     Judge Aleta A. Trauger
COOPER TIRE & RUBBER COMPANY, )
)
     Defendant. )

## MEMORANDUM & ORDER

Pending before the court is a Motion for Summary Judgment filed by defendant Cooper

Tire & Rubber Company ("Cooper") (Docket No. 41), to which the plaintiff has filed a Response

in opposition (Docket No. 57), and Cooper has filed a Reply (Docket No. 67.) For the foregoing

reasons, the motion will be granted and all claims will be dismissed with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On July 15, 2015, plaintiff Karen Yvonne Bice filed this personal injury action as

conservator for her incapacitated son, Gregory Crabtree, in the Circuit Court for Davidson

County, Tennessee, naming Cooper and Tennessee Tire & Auto Clinic ("Tennessee Tire") as

defendants. (Docket No. 1-1.) On August 7, 2015, the action was removed to federal court on

grounds of diversity jurisdiction. (Docket No. 1.) The Complaint alleges that, in 2014, Mr.

Crabtree purchased from Tennessee Tire a Sigma Supreme TR tire, DOT number

U95UTWL1207, manufactured by Cooper (the "Tire") and that Tennessee Tire placed the Tire

on the front driver's side of Mr. Crabtree's truck. (*Id*. at ¶¶ 7-9.) According to the Complaint,

on July 5, 2014, Mr. Crabtree was driving his truck on Interstate 65 when the tread of the Tire

separated from the remainder of the Tire. (*Id*. at ¶ 10.) Mr. Crabtree was able to maintain control of his truck and pull onto the shoulder of the highway but he subsequently walked onto the highway to remove the tread – which he believed posed a danger to other drivers – and was struck by a motorcycle. (*Id*. at ¶¶ 11-15.) As a result of the incident, the driver of the motorcycle died and Mr. Crabtree sustained significant injuries, including multiple fractures of his face, jaw, and skull; a traumatic brain injury that has permanently impacted his ability to function independently; and permanent physical injuries that limit his mobility, causing Mr. Crabtree to be unable to work and to endure pain, suffering, embarrassment, and loss of life's pleasures. (*Id*. at ¶¶ 15, 22-23.) The Complaint brings claims for negligence and strict liability against Cooper and Tennessee Tire, and a claim for breach of implied warranty against Cooper, seeking compensatory and punitive damages. (*Id*. at ¶¶ 27-60.)

On September 23, 2015, the court issued an order granting summary judgment on behalf of Tennessee Tire as to all claims against it, based on the undisputed fact that Tennessee Tire did not sell the Tire to Mr. Crabtree. (Docket No. 17.)

On February 23, 2016, Ms. Bice filed an Amended Complaint that omitted the claims and specific allegations involving Tennessee Tire but was otherwise not substantively different from the initial Complaint. (Docket No. 28.)

On October 7, 2016, Cooper filed a Motion for Summary Judgment as to all claims against it, along with a Memorandum in support and a Statement of Undisputed Material Facts. (Docket Nos. 41-43.) On the same day, Cooper also filed a Motion for Summary Judgment as to Ms. Bice's request for punitive damages, along with a Memorandum in support and additional supporting documents. (Docket Nos. 45-48.)

On November 4, 2016, Ms. Bice filed a Response in opposition to Cooper's Motion for Summary Judgment with respect to all legal claims, along with redacted and un-redacted versions of a Memorandum in support, and a Response to Cooper's Statement of Undisputed Material Facts. (Docket Nos. 55-60.)

According to Ms. Bice's Response to Cooper's Statement of Undisputed Material Facts, the following pertinent facts are undisputed:

- At the time of the incident giving rise to this action, Mr. Crabtree's pickup truck was equipped with the Tire on its driver's side front axle. The Tire was manufactured by Cooper in March of 2007. (Docket No. 59 at ¶¶ 2-3.)

- On July 5, 2014, as Mr. Crabtree was driving his pickup truck northbound on Interstate 65 in Davidson County, Tennessee, a portion of the tread and top belt of the Tire detached from the remainder of the Tire. (*Id*. at 9.)

- Mr. Crabtree maintained control of his pickup truck, drove it onto the right shoulder of Interstate 65, and parked it there next to the guardrail and completely outside of the traffic lanes, then activated his emergency lights and exited the pickup truck. (*Id*. at ¶¶ 10-11.)

- Mr. Crabtree then walked southward along the shoulder of the Interstate for approximately 229 feet, along a stretch of Interstate that has five northbound traffic lanes with a speed limit of 70 miles per hour and where the two rightmost traffic lanes (adjacent to the shoulder) were designated as the appropriate lanes for vehicles exiting the Interstate at the next exit onto Vietnam Veterans Parkway. Mr. Crabtree then intentionally walked across the two rightmost lanes of the Interstate, where he was struck by a motorcycle driven by Eric Knight, as Mr.

Knight moved from the far left lanes into the right-hand lanes of the Interstate in preparation for exiting. (*Id*. at ¶¶ 12, 15, 17, 19-20, 26-31.)

- As a result of the injuries Mr. Crabtree sustained in the collision, he has no memory of the incident and is unable to explain why he entered the active lanes of the Interstate on foot. (*Id*. at ¶ 33.)

- The collision also caused Mr. Knight to run off the road to the right and strike both the guardrail and Mr. Crabtree's pickup truck, sustaining fatal injuries. A passenger on Mr. Knight's motorcycle was thrown over the guardrail and also suffered severe injuries. (*Id*. at ¶¶ 43-44.)

On November 7, 2016, Ms. Bice filed a Response in opposition to Cooper's Motion for Summary Judgment with respect to punitive damages, along with redacted and un-redacted versions of a Memorandum in support. (Docket Nos. 63-65.)

On November 14, 2016, Copper filed a Reply as to its Motion for Summary Judgment on all legal claims (Docket No. 67) and, on November 17, 2016, Cooper filed redacted and un-redacted versions of its Reply as to its Motion for Summary Judgment on Ms. Bice's request for punitive damages (Docket Nos. 73, 74).

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To win summary judgment as to the claim of an adverse party, a moving defendant must show that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim. Once the moving defendant makes its initial showing, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting]

forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Conversely, to win summary judgment as to its own claims, a moving plaintiff must demonstrate that no genuine issue of material fact exists as to all essential elements of her claims. "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. 242, at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## ANALYSIS

The main issue before the court is the question of whether there is proximate cause (or "legal cause") between the alleged failure of the Tire and Mr. Crabtree's injuries. Because the court finds, for the reasons discussed below, that there is no proximate cause, the essential element of causation is missing to support any of Ms. Bice's claims against Cooper. The trier of fact, therefore, need not determine whether or how the Tire failed, whether Cooper acted negligently, or whether Cooper is subject to strict liability for the Tire's performance, because Cooper cannot be held liable as a matter of law.

Tennessee recognizes proximate cause doctrine as a means of limiting the scope of a defendant's liability for conduct that might otherwise be actionable, with proximate cause requiring both that the defendant's conduct was a substantial factor in bringing about the harm and that "there is no rule of law relieving the [defendant] from liability because of the manner in which" the harm occurred. *Rains v. Bend of the River*, 124 S.W.3d 580, 592 (Tenn. Ct. App. 2003).

> One of the rules of law that will relieve a negligent actor from liability is the doctrine of intervening cause. This doctrine, which survived the Tennessee Supreme Court's adoption of comparative fault, provides that a negligent actor will be relieved from liability when a new, independent and unforeseen cause intervenes to produce a result that the negligent actor could not have reasonably foreseen. It is premised on the concept that the independent intervening cause breaks the chain of legal causation between the original negligent actor's conduct and the eventual injury. The doctrine applies only when the intervening act (1) was sufficient by itself to cause the injury, (2) was not reasonably foreseeable to the negligent actor, and (3) was not a normal response to the negligent actor's conduct. Foreseeability is the key here because no person is expected to protect against harms from events that he or she cannot reasonably anticipate or foresee or which are so unlikely to occur that the risk, although recognizable, would be commonly disregarded.

*Id*. at 593 (citations omitted) (holding that there was no proximate cause between defendant's sale of ammunition to plaintiff's underage son and the boy using the ammunition to fatally shoot himself, because the shooting was an independent, intervening cause of his death that the defendant could not have reasonably foreseen); *see also Wilson v. Americare Sys., Inc.*, 397 S.W.3d 552, 558 (Tenn. 2013). Proximate cause between a product defect and a plaintiff's injury is likewise a necessary element of strict liability actions, where the defendant – even absent negligence – is liable for injuries caused by the defendant's products. *See, e.g., Richardson v. GlaxoSmithKline,* 412 F.Supp. 2d 863, 871 (W.D. Tenn. 2006) (citing *Downs v. Perstorp Components*, 26 F. App'x 472, 477 (6th Cir. 2002)); *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 280-81 (Tenn. Ct. App. 1977).

While determining whether causation exists is generally left to the jury, "the courts must and should resolve these issues when the undisputed facts and inferences to be drawn from the facts enable reasonable persons to draw only one conclusion." *Rains*, 124 S.W. 3d at 596; *see also Wilson*, 397 S.W.3d at 559 ("It is well established that cause in fact and proximate cause are ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.")

The parties spend much of their briefing debating the legality of Mr. Crabtree's decision to enter the Interstate on foot. Cooper argues, on the one hand, that Tennessee law prohibits pedestrians from entering the Interstate, while Ms. Bice, on the other hand, argues that Mr. Cooper was legally *obliged* to enter the Interstate in order to collect the components of the Tire that may have posed a threat to oncoming traffic (citing Tenn. Code Ann. 55-8-170(b) ("Any person who drops, or permits to be dropped or thrown, upon any highway any destructive or injurious material shall immediately remove the same or cause it to be removed.") The parties also debate the *reasonableness* of Mr. Crabtree's actions, in particular raising factual disputes as to whether it appeared that vehicles were approaching the Interstate lanes before Mr. Crabtree entered them on foot, as well as whether Mr. Crabtree was acting as a good citizen in attempting to remove a hazard from the road. These issues need not be resolved, however, because regardless of whether Mr. Crabtree was acting legally, whether he was acting with the best of intentions, or whether he reasonably believed that he was taking a calculated risk that would not lead to harm, his decision to enter the Interstate on foot, without any safety protocol in place, was a wholly independent act that was not a normal response to the situation (as opposed to calling 911 or the highway patrol to assist, as pointed out by Cooper), could not have been reasonably foreseeable to Cooper, and was sufficient on its own to have caused the collision and resulting

injuries.[1]  No reasonable person could find to the contrary and, thus, Mr. Crabtree's actions

qualify as an intervening cause relieving Cooper of liability for the collision as a matter of law.

The Tennessee statute cited by Ms. Bice cannot be reasonably interpreted to require a

person to enter a highway on foot, without taking any other safety precautions, in order to

retrieve a piece of debris.   Indeed, as evidenced by the unfortunate incident underlying this

action, a pedestrian in the roadway is itself a clear safety threat that supersedes any risk from

debris.  Further, while the court sympathizes with Mr. Crabtree and understands Ms. Bice's

position that the Tire malfunction may have been a *but-for* cause of the collision and that Mr.

Crabtree may have been acting as a good Samaritan, these facts are not sufficient to attach

liability to Cooper in light of the undisputed facts in this case demonstrating an intervening cause

for Mr. Cooper's injuries.  The intervening cause doctrine is designed to prevent liability in cases

like this where the but-for effects exceed the bounds of circumstances for which the defendant

can be fairly held liable.

Finally, the cases cited by Ms. Bice, where questions of proximate cause were sent to the

jury, are clearly distinguishable from the instant action.  *See Burgess v. Harley*, 934 S.W.2d 58

(Tenn. 1996) (holding that, where road conditions and driver conduct were both substantial

factors in an accident but there was no intervening cause breaking the chain of causation, the jury

should determine allocation of fault,) *McClenahan v. Cooley*, 806 S.W.2d 267 (Tenn. 1991)

(finding that the jury should determine whether the intervening theft of the defendant's car

relieves the defendant from liability for leaving his keys in the ignition of his unattended vehicle,

by determining whether the theft and ensuing high-speed chase were reasonably foreseeable to

---

[1] In making this determination, the court is not making any finding as to whether Mr. Crabtree
was legally negligent so as to be liable for the collision with respect to any other legal actions
that may arise from the incident.

the defendant); *Potter v. Ford Motor Co.*, 213 S.W.3d 264, 276 (Tenn. Ct. App. 2013) (holding that the intervening cause doctrine was inapplicable in a product defect case against a car manufacturer, where the alleged intervening cause was the plaintiff's negligent driving, because jury had already determined that the plaintiff's driving alone was insufficient to have caused the injuries and negligent driving is clearly foreseeable to a vehicle manufacturer).

Accordingly, the court finds, as a matter of law, that no reasonable trier of fact would be able to conclude that there was proximate causation between the Tire's purported malfunction and the injuries to Mr. Crabtree. As a result, Cooper's Motion for Summary Judgment as to all legal claims will be granted, and the court need not reach Cooper's Motion for Summary Judgment as to punitive damages.

## **CONCLUSION**

For the foregoing reasons, Cooper's Motion for Summary Judgment (Docket No. 41) is hereby **GRANTED** and all claims in this action are **DISMISSED WITH PREJUDICE**. Accordingly, Cooper's Motion for Summary Judgment as to punitive damages is **DENIED AS MOOT**.

It is so **ORDERED**.

Entry of this order shall constitute judgment in the case.

Enter this 22nd day of November 2016.

_____
ALETA A. TRAUGER
United States District Judge